IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

CARY F. GLASSCO,                                    CV 08-1281-MA

        Plaintiff,                                  OPINION AND ORDER

v.

MICHAEL ASTRUE,
Commissioner of Social
Security,

        Defendant.


RICHARD A. SLY
1001 S.W. 5th Ave., Suite 310
Portland, OR 97204
(503) 2240436

LINDA ZISKIN
P.O. Box 2237
Lake Oswego, OR 97035
(503) 224-0436

        Attorneys for Plaintiff


1 - OPINION AND ORDER

DWIGHT C. HOLTON
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

LEISA A. WOLF
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA  98104-7075
(206) 615-3621

        Attorneys for Defendant

MARSH, Judge.

        Plaintiff Cary F. Glassco[1] seeks judicial review of
the Commissioner's final decision denying her July 14, 2005,
application for disability insurance benefits (DIB) under Title
II of the Social Security Act, 42 U.S.C. §§ 401-34.

        Plaintiff alleges she has been disabled since March 29,
2004, because of chronic fatigue syndrome, fibromyalgia, low back
pain, and short term memory loss.  Her claim was denied initially
and on reconsideration.  On January 25, 2007, the Administrative
Law Judge (ALJ) held an evidentiary hearing and on August 4,
2007, issued a Notice of Decision that plaintiff is not disabled.
On September 25, 2008, the Appeals Council denied plaintiff's

_____

        [1] Many documents in the Administrative Records also show
plaintiff's last name as Marshall based on a former marriage.

2 - OPINION AND ORDER

request for review.  The ALJ's decision, therefore, is the Commissioner's final decision for purposes of judicial review.

Plaintiff seeks an Order reversing the Commissioner's final decision and remanding the case for the payment of benefits or, in the alternative, remanding the case for further proceedings. For the following reasons, however, I **AFFIRM** the final decision of the Commissioner and **DISMISS** this action with prejudice.

## THE ALJ'S FINDINGS

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled.  <u>Bowen v. Yuckert</u>, 482 U.S.137, 140 (1987).  <u>See</u> <u>also</u> 20 C.F.R. § 416.920. Plaintiff bears the burden of proof at Steps One through Four. <u>See</u> <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999).  Each step is potentially dispositive.

At Step One, the ALJ found plaintiff has not engaged in substantial gainful activity since March 29, 2004.

At Step Two, the ALJ found plaintiff suffers from severe impairments of fibromyalgia, history of osteonecrosis with multiple jaw surgeries, adrenal dysfunction, and lower back pain due to degenerative disease.  <u>See</u> 20 C.F.R. §416.920(c) (an impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities).

At Step Three, the ALJ found plaintiff's impairments do not meet or equal any listed impairment and she is able to perform sedentary work in which she is able to alternate standing and sitting at will.

At Step Four, the ALJ found plaintiff is able to perform her past relevant work as an executive director, secretary, and funeral salesperson.

Based on his finding at Step Four, the ALJ did not reach the issue as to whether there was other work that the plaintiff could perform.

Consistent with these findings, the ALJ found plaintiff is not disabled and, therefore, not entitled to DIB.

<u>**LEGAL STANDARDS**</u>

The initial burden of proof rests on the claimant to establish disability. <u>Roberts v. Shalala</u>, 66 F.3d 179, 182 (9th Cir. 1995), <u>cert</u>. <u>denied</u>, 517 U.S. 1122 (1996).  To meet this burden, the claimant must demonstrate the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C § 423(d)(1)(A).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.

42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's decision must be upheld, however, even if the "evidence is susceptible to more than one rational interpretation." Andrews, 53 F.3d at 1039-40.

The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).  The duty to further develop the record, however, is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001).

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court.  Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 121 S. Ct. 628 (2000).  "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).

## ISSUES ON REVIEW

The issues are whether the ALJ erred in (1) failing to analyze and address plaintiff's mental impairments at Step Two of the sequential inquiry, and (2) posing a hypothetical to the vocational expert (VE) that did not coincide with the ALJ's finding as to plaintiff's residual functional capacity (RFC).

## DISCUSSION

**The ALJ's Consideration of Plaintiff's Mental Impairments.**

Plaintiff's Disability Application[s].

Plaintiff asserts her "application for benefits is based on combined impairments, both physical and psychological, including fibromyalgia; muscular skeletal problems; a thyroid disorder; *major depressive disorder; personality disorder; and a somatization disorder.*" (Emphasis added).

Plaintiff's July 2005 DIB application, however, does not mention any psychological impairments. In addition, in a "Disability Adult Report" dated in November 2006, plaintiff described her "illnesses, injuries, or conditions" that limited her ability to work as "chronic fatigue, fibromyalgia, low back, [and] short term memory loss," and did not mention psychological impairments that impeded her ability to work. The psychological impairments plaintiff now refers to as part of her disability application are in fact derived from plaintiff's hospitalization in October 2006. See below.

6 – OPINION AND ORDER

The Medical Record - Psychological Impairments.

The medical record as to plaintiff's alleged psychological impairments is limited.  In August 2003, plaintiff was prescribed Xanax for work-related stress.  Three years later, in September-October 2006, plaintiff was voluntarily hospitalized for a week for "worsening symptoms of depression" that "follow[ed] a major depressive episode."  When she was admitted, plaintiff described recent stressors in her life, including financial issues and the recent deaths of her son and mother.  Plaintiff stated she had been diagnosed with depression in 2005.  Her GAF score on admission was 30 (serious impairment in communication or judgment or inability to function in almost all areas).  In the days before her discharge, however, plaintiff reported "feeling the best she had in years."  She was sleeping well, her mood was better, and her outlook and attitude towards the future was much more positive.  On discharge, her GAF score had improved to 68 (some mild symptoms or some difficulty in social, occupational, or school functioning).

Finally, in her January 2007 hearing testimony, plaintiff stated she was not receiving mental health treatment and that her week-long psychiatric hospitalization in September-October 2006 was her "first and only trip" to the hospital for mental health reasons.

<u>The ALJ's Decision</u>.

In his decision, the ALJ recounted the relevant medical evidence and specifically addressed plaintiff's psychological condition.  He noted the "sporadic" nature of her treatment for "mental disorders" and found "there is no evidence of a mental impairment in this case persisting for 12 months which had more than a minimal effect on the plaintiff's ability to function." That finding is supported by the medical record in this case. As such, there is no substantial evidence to support plaintiff's claim that she is unable to work because of mental impairments. On this record, therefore, I conclude the ALJ did not err in failing to find plaintiff suffered from a severe mental impairment.  20 C.F.R. § 404.1509 (an impairment is "severe" if it lasts for a continuous period of not less than 12 months).

Moreover, in light of plaintiff's hearing testimony that she has not undergone any other significant treatment for mental health issues, I conclude no useful purpose would be served by remanding this matter to the Commissioner for further development of the record as to the existence of such impairments.

**The ALJ's Hypothetical to the VE**.

Plaintiff asserts the ALJ's findings as to plaintiff's RFC did not coincide with the hypothetical RFC the ALJ posed to the VE.  The record reflects the ALJ included in his hypothetical to the VE "mild" limitations in plaintiff's activities of daily

8 - OPINION AND ORDER

living, social functioning, and ability to maintain pace,
persistence, and concentration, that were not specifically
included in the ALJ's finding as to plaintiff's RFC.  Except for
that difference, the ALJ"s hypothetical to the VE was in all
material respects the same as his RFC finding.  Nevertheless, to
the extent the ALJ erred, the error was harmless because the VE
opined that, even with the <u>additional restrictions</u>, plaintiff was
able to perform her past relevant work as an executive director,
secretary, and funeral salesperson as it was generally performed.
<u>See</u> <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1038 (9th Cir. 2008)(The
court will not reverse an ALJ's decision for harmless error,
which exists when it is clear from the record that the ALJ's
error was inconsequential to the ultimate nondisability
determination. (citations and internal quotation marks omitted)).

<u>CONCLUSION</u>

For all the reasons set forth above, the Commissioner's
final decision denying benefits to plaintiff is **AFFIRMED** and this
matter is **DISMISSED** with prejudice.

IT IS SO ORDERED.

DATED this 22 day of April, 2010.

         /s/  Malcolm F. Marsh
        MALCOLM F. MARSH
        United States District Judge